# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MARK ALLEN ROLLYSON,**

    **Petitioner,**

v.                                          **CIVIL ACTION NO. 3:08-CV-143**
                                                  **CRIMINAL ACTION NO. 3:07-CR-98-01**
                                                  **(BAILEY)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R & R on January 26, 2009 [Cr. Doc. 278]. In that filing, the magistrate judge recommended that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Cr. Doc. 248] be DENIED.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo

review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within ten (10) days of receipt of the R & R, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket shows defendant accepted service of the R & R on January 28, 2009. [Cr. Doc. 281].

On February 4, 2009, a letter addressed to the Court was filed by petitioner. [Cr. Doc. 283]. The letter was docketed as an objection to the R & R. The text of the letter did not, however, state any legal or factual objections to the R & R. In the letter, petitioner simply stated that he would appeal the R & R to the Fourth Circuit and requested that the Court appoint him counsel for that purpose.

The Fourth Circuit Court of Appeals has recognized that "[t]here is no right to counsel in post-conviction proceedings." *Hagie v. Pinion*, 995 F.2d 1062 (4th Cir. 1993) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987)). In *Pennsylvania v. Finley*, the Supreme Court stated "the equal protection guarantee of the Fourteenth Amendment does not require the appointment of an attorney for an indigent appellant just because an affluent defendant may retain one. 'The duty ... under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims . . ..'" 481 U.S. at 556 (quoting *McKane v. Durston*, 153 U.S. 684 (1894)).

As defendant is not entitled to counsel to represent him in his § 2255 petition, and as that was the only ground stated in his 'objection' to the R & R, the Court finds that the

R & R should be, adopted and petitioner's § 2255 petition is, **DENIED** for the reasons more fully set out therein.

## **CONCLUSION**

Upon careful review of the R & R, and consideration of petitioner's objections, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation [Cr. Doc. 278] should be, and hereby is, **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the Court hereby **ORDERS** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Cr. Doc. 248] be **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED:** June 29, 2009

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE